ANNA HERMANOSKI AND FELIX HERMANOSKI, HER HUSBAND, PLAINTIFFS, v. JOSEPH HERMANOSKI, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided March 20, 1952.

Mr. *Louis Santorf,* attorney for plaintiffs.

Mr. *Charles C. Carroll,* attorney for defendant.

GRIMSHAW, J. S. C. Plaintiffs are the mother and father of the defendant. They seek to have set aside a deed dated October 21, 1947, by means of which title to the property in dispute was transferred to the defendant. Plaintiffs allege that the deed in question was the product of undue influence and was made at a time when they were without the benefit of independent advice. Defendant says that the consideration for the original purchase of the property in 1942 was paid by him. He alleges that title was taken in the name of the plaintiff, Anna Hermanoski, with an understanding that it would be conveyed to him at his request. Defendant says further that the deed of October 21, 1947, was executed and delivered in fulfillment of that understanding.

Plaintiff Anna Hermanoski is 77 years of age. Her husband, Felix Hermanoski, the other plaintiff, is several years older. Defendant is in his early forties. Neither of the plaintiffs can read or write. They have difficulty understanding and speaking English.

For some years prior to 1942 the family, which included both plaintiffs and defendant, lived in the property in ques-

tion as tenants. The household expenses were paid by the plaintiff Anna Hermanoski with contributions toward those expenses from her husband, Felix, and the defendant.

Late in 1941 Anna Hermanoski requested the landlord to make repairs. He refused to do so, but expressed his willingness to sell the property. Anna Hermanoski consulted her son, the defendant. He, in turn, negotiated with the owner of the property. The upshot of the matter was that the Hermanoskis agreed to purchase the property for $3,000. Of this sum, $2,000 was to be paid in cash on the date of closing, with the balance of $1,000 to be secured by a bond and mortgage.

On April 20, 1942, the plaintiff Anna Hermanoski took title to the property, the deed being dated December 1, 1941. Of the $2,000 required to be paid on the day of closing, $950 came from the funds of Anna Hermanoski, and the balance, presumably, was paid by the defendant. The purchase money mortgage of $1,000 was executed by the plaintiffs. It was paid off in 1943.

Defendant testified that he repaid his mother the $950 which she advanced when the property was purchased. He said he paid off the mortgage and in addition made repairs at a cost of $2,662. All of these statements were denied by the plaintiff.

I am unable to believe that defendant made the payments as alleged. His bank account was insufficient to provide the necessary funds. He overcame that handicap by saying that he had the money in a tin box in the home. In this box, according to his story, there was $700 at the time the purchase was made. The estimate was later increased to $1,000. From this box, in the period between April 20, 1942, and March 22, 1944, the date on which he was inducted into the Army, the defendant allegedly withdrew sufficient cash to meet payments, exclusive of taxes, of $2,800. And, in addition, when he went into the Army, the box still contained $1,000. During this whole period defendant's salary did not

exceed $2,000 a year, of which he paid to his mother, for household expenses, $25 a week.

On October 21, 1947, after his return from the Army, defendant took his mother and father to the office of his lawyer and had them execute a deed conveying the property to him. It is conceded that no consideration was paid for that deed. Nor did the plaintiffs have the benefit of advice from a lawyer of their own choosing. Defendant's lawyer testified that he overheard a conversation between the parties to the effect that the deed was being given in fulfillment of an oral understanding between the parties. Yet he did not advise the plaintiffs of their rights nor did he discuss with them the legal effect of oral agreements affecting real property. All he did tell the plaintiffs was that they were executing a deed.

Anna Hermanoski testified that defendant asked her to put the property in his name so that the veterans' exemption could be obtained. Plaintiff said that she told defendant that she would do so provided arrangements were made that plaintiffs should have the property as long as they lived. Defendant testified that he asked his parents to convey the property to him. He said he told them that they should have the house as long as they lived and he would take over after their deaths.

It was difficult to determine what part of the consideration for the original purchase in 1942 was paid by each of the parties. The plaintiffs experienced great difficulty in testifying. And the defendant, while having no difficulty in that respect, at times gave testimony which can only be characterized as bizarre. However, I am of the opinion that, of the consideration of $3,000, plaintiffs paid $950 in cash and also satisfied the mortgage of $1,000. At most, the defendant's original contribution was $1,050. He may have expended money for repairs but the proof is not sufficient for me to express an opinion on that point. The taxes and insurance, probably from 1942 and certainly from 1944 until November, 1949, were paid by the plaintiffs.

Defendant continued to live with the plaintiffs until April, 1948, when he married. Thereafter he lived in his wife's apartment until October, 1949, when they were forced to vacate. They moved into the family home and shortly thereafter trouble started.

When one purchases property, paying the consideration therefor, and title is taken in the name of a stranger, a trust will be presumed to have arisen in favor of the person who has paid the consideration. Where, however, the conveyance is not made to a stranger, but is made to a person whom the purchaser is under a legal obligation to maintain, such as the purchaser's mother, the good consideration of love and affection will support the conveyance and no resulting trust will arise. In such cases the presumption is that a gift was intended. And while the presumption may be rebutted, the evidence must be clear and convincing and leave no reasonable doubt as to the intention of the parties. *Herbert v. Alvord*, 75 *N. J. Eq.* 428 (*Ch.* 1909); *Strong v. Strong*, 136 *N. J. Eq.* 103 (*E. & A.* 1944). Clear and convincing evidence to rebut the presumption of a gift is absent from this case. Therefore, the defendant will be held to have made a gift to his mother of the part of the purchase price paid by him.

So far as the deed of 1947 is concerned, it is clear that the plaintiffs did not receive independent advice, nor, in fact, did they receive any advice which was competent to make them understand the nature and effect of the deed. Ordinarily I would not hesitate to set the deed aside. *Slack v. Rees*, 66 *N. J. Eq.* 447 (*E. & A.* 1903). Here, however, it is quite evident from the testimony that it was the intention of the parties that the property should be conveyed to the defendant subject to a life estate in the plaintiffs. The deed will be reformed to implement that intention. *Lovett v. Taylor*, 54 *N. J. Eq.* 311 (*Ch.* 1896).